UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CLEAN HARBORS PLAQUEMINE, LLC | CASE NO. 07-10019 |
| 42 LONGWATER DRIVE<br>P.O. BOX 9149<br>NORWELL, MA 02061-9149 | |
| TAX ID: XX-XXX5280 | |

**************************************

| | |
|---|---|
| WALTER ALLEN, ET AL. | ADV NO. 07-01134 |
| PLAINTIFFS | |
| VERSUS | |
| ROLLINS ENVIRONMENTAL<br>SERVICES, INC., ET AL. | |
| DEFENDANTS | |

**EX PARTE MOTION TO DEPOSIT UNCLAIMED FUNDS
INTO THIS COURT'S UNCLAIMED FUNDS ACCOUNT**

**NOW INTO COURT**, comes Ronald C. Richard, Class Counsel[1] who respectfully files this Ex Parte Motion to Deposit Unclaimed Funds into this Court's Unclaimed Funds Account ("Motion"). In support of the Motion, Class Counsel respectfully represents that:

1.

---

[1] Except as otherwise expressly provided herein or as the context otherwise requires, the terms used in this Motion shall have the meanings given them in the Class Settlement Agreement approved in this Adversary Proceeding by this Court on May 19, 2008 [P-77], which meanings are incorporated herein by reference.

On May 19, 2008, in this Adversary Proceeding this Court entered a Final Order and Judgment [P-77], which, *inter alia*, appointed Gerald H. Schiff as Claim Evaluator ("Claim Evaluator") "to recommend to the Court a protocol and methodology for determining the entitlement, if any, of each Releasing Person[2] to payment from the Class Settlement Funds and the appropriate amount of such payment in accordance with the Class Settlement Agreement."

2.

On July 14, 2009, the Claim Evaluator filed his Report and Recommendation of the Claim Evaluator ("Report") [P-105].

3.

Following a hearing on the Report on August 28, 2009, this Court entered its order ("Report Order") [P-113]. The Report Order, *inter alia*, approved the Report, as amended by the Report Order and ordered Class Counsel to:

A. "distribute the portion of the Net Settlement Proceeds due each Claimant, based on the" final Schedule to be filed by the Claims Evaluator; and

B. "file into the record of this proceeding a report together with copies of the executed Receipt and Release of each such Claimant, or the authorized representative of such Claimant . . ."

4.

On September 14, 2009, the Claim Evaluator filed his Ex Parte Motion to Amend Order ("Amend Motion") [P-118]. The Amend Motion sought to correct a de minimus money error contained in the Report and the Report Order. The Amend Motion was granted by Order of this Court entered on September 14, 2009 ("Amend Order") [P-120].

---

[2] For the purpose of this Motion the terms "Released Person" and "Claimant" and/or "Claimants" are synonymous.

5.

On September 18, 2009, the Claim Evaluator filed his Ex Parte Motion of the Claim Evaluator Filing Final Schedule of Distribution ("Final Schedule Motion") [P-122]. The Final Schedule Motion was granted by Order of this Court entered on March 15, 2010 ("Final Schedule Order") [P-124].

6.

Class Counsel notified each Claimant that the day, time and place when his or her share of the proceeds of the Net Settlement Proceeds would be distributed would be October 2, 2009 from 9:00 A.M. to 6:00 P.M. at the Best Western Plaquemine Inn, Hotel Conference Room, 23235 Highway 1 South, Plaquemine, Louisiana.

7.

In conformity with the Report Order, the Amend Order, the Final Schedule Order and the Claim Evaluator's Final Schedule of Distribution (attached to the Final Schedule Motion), Class Counsel has distributed the portion of the Net Settlement Proceeds to all Claimants other than Kim Fowler ("Fowler").

8.

The Class Counsel had written his Check Number 4424 on September 18, 2009 payable to Fowler in the amount due her, that is $2,500.00 ("Fowler Check"). Despite diligent efforts, Class Counsel has been unable to discover the whereabouts of Fowler and the Fowler Check remains uncashed.

9.

As Plaquemine Remediation Services, LLC f/k/a Clean Harbors Plaquemine, LLC[3], the reorganized debtor ("Reorganized Debtor") in the above captioned bankruptcy case wants to bring the bankruptcy case to a conclusion by filing a motion for final decree, Class Counsel must disburse all of the Net Settlement Proceeds.  In that regard, Class Counsel seeks authority to void the Fowler Check and disburse the funds represented by the Fowler Check to the Clerk of this Court and that the Clerk of Court be directed to accept and deposit those funds into the Court's Unclaimed Funds Account.

10.

No notice is required for this Motion as the only one affected is Fowler whose address is unknown to Class Counsel.

**WHEREFORE,** Class Counsel prays that this Court enter an Ex Parte Order authorizing Class Counsel to void the Fowler Check and disburse the funds represented by the Fowler Check to the Clerk of this Court, and the Clerk of Court be directed to accept and deposit such funds into the Court's Unclaimed Funds Account and for all other general and equitable relief to which the Class Counsel is entitled.

**[CLASS COUNSEL'S SIGNATURE ON NEXT PAGE]**

---

[3] By Certificate of Amendment filed with the Secretary of State of the State of Delaware on January 31, 2009, the name of Clean Harbors Plaquemine, LLC was changed to Plaquemine Remediation Services, LLC.  This name change was filed with the Louisiana Secretary of State on February 3, 2009.

Respectfully Submitted,

**RICHARD LAW FIRM, LLC**


_____/s/_____
**RONALD C. RICHARD** (#26623)
One Lakeshore Drive, Suite 1800
Lake Charles, LA  70629
Telephone: 337.494.1900
Facsimile: 337.494.1793
*Class Counsel*